UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   3/27/2023
```

IAIN HORSBURGH,

                         Plaintiff,

     -against-                                              21-cv-07945 (NSR)

BANK OF AMERICA, N.A., COUNTRYWIDE          ORDER & OPINION
HOME LOANS, INC., and DOES 1 through 100

                         Defendants.

NELSON S. ROMÁN, United States District Judge:

Plaintiff Iain Horsburgh ("Plaintiff") brings this action against Bank of America, N.A.
("BANA" or "Defendant BANA"), Countrywide Home Loans, Inc. ("Countrywide" or
"Defendant Countrywide", and collectively with BANA, the "Defendants"), and Doe Defendants
1 through 100 ("Does"), asserting nineteen claims: (1) breach of contract; (2) intentional
misrepresentation (fraud); (3) negligent misrepresentation; (4) breach of the implied covenant of
good faith and fair dealing; (5) promissory estoppel; (6) unjust enrichment; (7) intentional
interference with prospective economic advantage; (8) negligent interference with prospective
economic advantage; (9) fraudulent conveyance; (10) conversion; (11) imposition of a constructive
trust; (12) quiet title; (13) intentional infliction of emotional distress; (14) negligent infliction of
emotional distress; (15) violation of the Equal Credit Opportunity Act ("ECOA") Regulation B,
12 CFR § 202; (16) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681; (17)
violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §260 *et. seq.*; (18)
violation of the Fair Debt Collections Practice Act ("FDCPA"), 111-203, Title X, 124 Stat. § 2092;
and (19) injunctive relief. (*See* ECF No. 3 ("Compl.")). Presently, before the Court is Defendants'
motion to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim

upon which relief may be granted. (*See* ECF No. 29.)[1] For the following reasons, the motion to dismiss is GRANTED.

## BACKGROUND

The following facts as taken from Plaintiff's Complaint and are accepted as true and construed in the light most favorable to Plaintiff for purposes of this motion.

Plaintiff purchased the property at issue (the "Property") in 1979 with financing secured through a third-party entity not named in the instant action. (Compl. ¶¶ 8-9.) The property was located at 14 Wellyn Road, Bronxville, New York.  (Compl. ¶ 1.) From the institution of the mortgage in 1979 until 2006 Plaintiff made timely payments on the original Notes. (*Id.* ¶ 10.) In 2006, Plaintiff refinanced the Property with Defendant BANA. (*Id.* ¶ 11.) BANA later conveyed that mortgage to Wells Fargo[2]. (*Id.* ¶ 12.) Plaintiff took a second mortgage with Countrywide. (*Id.* ¶ 13.) Both mortgages were recorded with the Mortgage Electronic Registry Systems, Inc. ("MERS"). (*Id* ¶¶ 15, 28, 51.) MERS holds legal title to mortgages on behalf of its members as nominee and mortgagee of record for purposes of recording the mortgage. (*Id.* ¶¶ 21, 51.) On an unknown date, the Fixed Rate Note was endorsed in blank by Countrywide. (*Id.* ¶ 52.)

On December 23, 2011, an Assignment of Mortgage was executed by MERS as Nominee for America's Wholesale Lender, which names as assignee BANA, successor-by-merger to BAC Home Loans Servicing LP (formerly known as Countrywide Home Loans Servicing LP).  (*Id.* ¶¶ 22, 58.) On August 20, 2013, an Assignment of Mortgage was executed by BANA, successor-by-merger, to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, L.P. (*Id.* ¶ 59.)  This document names the assignee as US Bank, NA as Trustee. (*Id.*)

---

[1] Defendants' motion is unopposed by Plaintiff. (ECF No. 32 ¶ 4.)
[2] Wells Fargo was originally made a defendant to the instant action, but was voluntarily dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). (ECF No. 27.)

Plaintiff alleges that this assignment has no corresponding endorsement of the Fixed Rate Note. (*Id.*)

On March 14, 2018, a Forensic Mortgage Analysis ("Mortgage Analysis")[3] was performed which allegedly revealed multiple filing deficiencies regarding the loan documents, in violation of federal laws.  (*Id.* ¶ 15.) Plaintiff alleges, *inter alia*, that files are missing an Affiliated Business Arrangement Disclosure, Servicing Disclosure Statement, Escrow Account Disclosure, date and signing of the Uniform Residential Loan Application, Disclosure of Credit Scores, and Notice to Home Loan Applicant. (*Id.*)  In addition, a Securitization Audit Report, dated March 14, 2018, purportedly showed that certain of the documents pertaining to assignments were likely robo-signed, which, Plaintiff alleges, would render those assignments null and void.  (*Id.* ¶¶ 16-18, 64.)

U.S. Bank National Association ("U.S. Bank"), the trustee for the mortgage loan trust and a nonparty (*id*. ¶ 59) to the instant action, instituted a foreclosure action (the "Foreclosure Action") against Plaintiff in the N.Y. Supreme Court, Westchester County, in 2013.[4] (*See* ECF No. 31 ("Blaine Decl."), Exh. G.)[5] A final judgement of foreclosure and sale was entered in the Foreclosure Action on December 7, 2016. (Blaine Decl., Exh. H.) Plaintiff instituted a series of four bankruptcy actions between 2018[6] and 2019, filing three separate petitions under Chapter 13 and one under Chapter 11 in an attempt to stay the foreclosure and have the court intervene and

---

[3]      Plaintiff makes reference to Plaintiff's "Exhibit A" which purports to attach a copy of the Mortgage Analysis to the complaint. (Compl. ¶ 15.) The Court has no exhibits from Plaintiff, despite the complaints' reference to Exhibits A-D. (*Id.* ¶¶15, 18-19.) For purposes of this motion, the Court reads the complaint as true, including in reference to the contents of the unattached exhibits.

[4]      U.S. Bank was assigned the mortgage as trustee from BANA in August 2013. (Compl. ¶ 59; Def. Br. at 2.)

[5]      The Court notes that Defendants submitted several exhibits along with its opening brief.  *See* ECF No. 32 ("Blaine Decl.").  The exhibits include documents from the Foreclosure Action and related bankruptcy proceedings commenced by Plaintiff, which the Court may take judicial notice of as public records.  *See Blue Tree Hotel Inv. v. Starwood Hotels & Resorts Worldwide, Inc*., 369 F.3d 212, 217 (2d Cir. 2004) (stating that "courts may look to public records, including complaints filed in state court, in deciding a motion to dismiss").

[6]      Plaintiff indicates the bankruptcy cases were commenced in 2018, then proceeds to state that the first action was commenced on March 16, 2017. (*See* Compl. ¶¶ 67-68.) For purposes of this motion, the Court relies on the later date of 2018.

address the improprieties raised in this instant action. (Compl. ¶¶ 67-71).  On October 7, 2019, Plaintiff filed an emergency Order to Show Cause with a temporary restraining order in the Foreclosure Action in an attempt to stay the foreclosure sale. (*Id.* ¶ 72; Blaine Decl., Exh. K.) The State Court presiding over the Foreclosure Action declined to sign the Order to Show Cause. (Blaine Decl., Exh. L.) At the time of the foreclosure sale on October 11, 2019, Plaintiff alleges the Property was valued at $799,000—in contrast to the title report which valued the Property at $563,000. (Compl. ¶ 19.) The Property was sold to U.S. Bank for $25,000 on October 11, 2019. (*Id.*) On February 21, 2020, Plaintiff filed a notice of appeal from the State Court's denial of the temporary restraining order on the eve of the foreclosure sale. (Blaine Decl., Exh. N.)

## <u>LEGAL STANDARD</u>

### I.   **Federal Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (internal citation and quotation marks omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits ..." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

### II.   **Federal Rule 12(b)(6)**

A Rule 12(b)(6) motion challenges the sufficiency of the allegations in the complaint. *See ATSI Commnc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007). To survive a motion under 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege facts sufficient to show "more than a sheer possibility that a defendant acted unlawfully," *id*., and cannot rely on mere "labels or conclusions" to support a claim. *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id*. at 570.

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, "documents attached to the complaint as an exhibit," and documents incorporated by reference in the complaint. *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Additionally, if the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint." *Barnum v. Millbrook Care Ltd. P'ship,* 850 F. Supp. 1227, 1232–33 (S.D.N.Y. 1994), aff'd, 43 F.3d 1458 (2d Cir. 1994) (table decision).

## DISCUSSION

## I.   *Rooker-Feldman* **doctrine**

Defendants first aver that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. (ECF No. 30 ("Def. Br"). at 7.) The *Rooker-Feldman* doctrine "denies 'federal district courts . . . jurisdiction over cases that essentially amount to appeals of state court judgments.'" *Barbato v. United States Bank Nat'l Ass'n*, No. 14-CV-2233 (NSR), 2016 WL 158588, at *2 (S.D.N.Y. Jan. 12, 2016) (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)).   To apply the *Rooker-Feldman* doctrine, the Court must find that the following four requirements are met:

> "(1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by a state court judgment'; (3) the plaintiff 'invite[s] ... review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court proceedings commenced.'"

*Vossbrinck*, 773 F.3d at 426 (citing *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005)). The Second Circuit characterizes the first and fourth elements as "procedural" and the second and third elements as "substantive." *Hoblock*, 422 F.3d at 85. Determination of the applicability of the *Rooker-Feldman* doctrine presents a factual challenge to the court's subject matter jurisdiction.

The doctrine is a narrow one and is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Buttressing the doctrine is the principle "expressed by Congress in 28 U.S.C. § [ ] 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Webster v. Wells Fargo Bank, N.A.*, No. 08-CV-10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009) (citing *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009)).

Federal suits that raise "independent claim[s]"—meaning, claims that are not "inextricably intertwined" with the state court judgment, *Robinson v. HSBC Mortgage Services, Inc*., No. 15-CV-5480 (VEC), 2017 WL 570935, at *3 (S.D.N.Y. Feb. 10, 2017)—are not barred by the *Rooker-Feldman* doctrine. *Hoblock*, 422 F.3d at 86–87. The Second Circuit made clear that the "doctrine turns not on the similarity between a party's state-court and federal-court claims (which is, generally speaking, the focus of ordinary preclusion law), but rather on the causal relationship between the state-court judgment and the injury of which the party complains in federal court." *McKithen v. Brown*, 481 F.3d 89, 97–98 (2d Cir. 2007) (emphasis in original); *see also Nath v. JP Morgan Chase Bank, N.A*., No. 15-CV-3937 (KMK), 2016 WL 5791193, at *6 (S.D.N.Y Sept. 30, 2016) (noting that the "core requirement" of the doctrine is that "a plaintiff's injuries be caused by the state judgment"); *see also Gonzalez v. Deutsche Bank Nat'l Tr. Co.*, 632 F. App'x 32, 34 (2d Cir. 2016) ("To the extent [the] plaintiffs' complaint can be liberally construed to allege injury stemming from the same transaction but not directly caused by the foreclosure judgment, their claims are not barred by Rooker-Feldman." (emphasis omitted)). The *Rooker-Feldman* doctrine precludes a federal district courts' consideration of claims which are "'inextricably intertwined' with the merits of a state court judgement." *Zarour v. U.S. Bank Nat'l Ass'n*, No. 22-CV-4786 (JGK), 2022 WL 16836999 at *3 (S.D.N.Y. Nov. 9, 2022). A claim is "inextricably intertwined" if "adjudication of a claim in federal court would require the court to determine that a state court judgement was erroneously entered or was void." *Id.* This causal requirement is satisfied when "the state court is the decision-maker whose action produces the injury." *Robinson*, 2017 WL 570935, at *3 (citing *Sindone v. Kelly*, 439 F. Supp. 2d 268, 272 (S.D.N.Y. 2006)).

Here, the procedural factors are clearly met as Plaintiff was the defendant in a state court action—the Foreclosure Action—and a final judgment against Plaintiff was entered in 2016 and

Plaintiff's subsequent attempt to stay the foreclosure on October 7, 2019, was rejected by the State Court presiding over the Foreclosure Action, long before this action was commenced in 2021. (Def. Br. at 3, 8; *see* ECF No. 31 ("Blaine Decl."), Exhs. H, K, and L)[7]; *see Wilson v. HSBC Bank, USA*, 834 Fed. Appx. 607, 609 (2d Cir. 2020) (finding that a foreclosure action in state court satisfied the first and fourth prongs). Defendants aver that the substantive factors are also met as the injuries Plaintiff complains of were caused by entry of the Foreclosure Action, and any relief granted by this Court would overturn the state court action. (Def. Br. at 8-9.)

For the reasons below, the Court agrees that Plaintiff's claims, with respect to Plaintiff's claims for unjust enrichment (Count Six), intentional interference with prospective economic advantage (Count Seven), fraudulent conveyance (Count Nine), conversion (Count Ten), imposition of a constructive trust (Count Eleven), quiet title (Count Twelve), and injunctive relief (Count Nineteen), are clearly barred by the *Rooker-Feldman* doctrine. The Court discusses each claim barred under the *Rooker-Feldman* doctrine in turn.

First, Plaintiff's claim for unjust enrichment alleges "Plaintiff has conferred a benefit on Defendants who acquired mortgage payments from Plaintiff as well as the equity on the Property *as a consequence of the foreclosure proceedings* on the Property." (Compl. ¶ 111) (emphasis added.) Plaintiff effectively alleges the harm which they incurred was the direct result of the foreclosure proceedings. Plaintiff's claim for unjust enrichment directly implicates the merits of the state foreclosure proceeding and is therefore barred by the *Rooker-Feldman* doctrine.

---

[7] The Court notes that Defendants submitted several exhibits along with its opening brief. *See* ECF No. 32 ("Blaine Decl."). The exhibits include documents from the Foreclosure Action and related bankruptcy proceedings commenced by Plaintiff, which the Court may take judicial notice of as public records. *See Blue Tree Hotel Inv. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (stating that "courts may look to public records, including complaints filed in state court, in deciding a motion to dismiss").

Second, Plaintiff's claim for intentional interference with prospective economic advantage alleges "Defendants' interference *deprived Plaintiff of its possession* or use of the Property." (Compl. ¶ 119) (emphasis added.) Plaintiff again alleges that the harm which they incurred was the direct result of the foreclosure proceedings. Therefore, Plaintiff's claim for intentional interference with prospective economic advantage directly implicates the merits of the state foreclosure proceeding, which effectively deprived Plaintiff of their possessory rights of the Property and is therefore barred by the *Rooker-Feldman* doctrine.

Third, Plaintiff's claim for fraudulent conveyance alleges "the various entities were not the proper title holders to the Property, and ultimately foreclosed on the Property at an extraordinarily devalued valuation." (Compl. ¶ 130.) A claim for fraudulent conveyance in New York requires the Plaintiff to show the conveyance was made "without fair consideration." *Hirko v. United States*, No. 03-CV-4741 (DRH) (MLO), 2006 U.S. Dist. LEXIS 13888 at *6 (E.D.N.Y. March 16, 2006.) Plaintiff's claim for fraudulent conveyance directly implicates the merits of the state foreclosure proceeding and is therefore barred by the *Rooker-Feldman* doctrine.

Fourth, Plaintiff's claim for conversion alleges "Defendants wrongfully converted [the Property] by conveying [it] to other entities, improperly, repeatedly, and ultimately foreclosing on the Property, and selling the Property at an extraordinary devaluation, to the detriment of Plaintiff." (Compl. ¶ 134.) Plaintiff's claim for conversion directly implicates the merits of the state foreclosure proceeding and is therefore barred by the *Rooker-Feldman* doctrine.

Fifth, Plaintiff's claim for imposition of a constructive trust alleges "Defendants have, without just cause, *improperly foreclosed on the Property, and sold the Property at an extraordinarily devalued price*." (Compl. ¶ 139) (emphasis added.) Plaintiff's claim for imposition

9

of a constructive trust directly implicates the merits of the state foreclosure action, asking this court to declare the foreclosure improper, and is therefore barred by the *Rooker-Feldman* doctrine.

Sixth, Plaintiff's claim to quiet title asks this Court to vest "fee simple title to the Property […] in Plaintiff in accordance with the terms of the Mortgage and Loan Agreements, and that Defendants […] be declared to have no estate, right, title or interest in the Property." (Compl. ¶ 145.) Effectively, Plaintiff's claim to quiet title asks this Court to overturn the decision of the court in the state foreclosure action. Thus, Plaintiff's claim to quiet title directly implicates the merits of the state foreclosure action, asking this court to declare the foreclosure void, and is therefore barred by the *Rooker-Feldman* doctrine.

Lastly, Plaintiff's claim for injunctive relief asks this Court to return Plaintiff's ownership rights in the Property to the condition which "would have existed prior to the foreclosure of the Property." (Compl. ¶ 168.) Much like Plaintiff's claim to quiet title, Plaintiff's claim for injunctive relief directly asks this Court to disrupt the decision of the state foreclosure action. As such, Plaintiff's claim for injunctive relief directly implicates the merits of the state foreclosure action and is therefore barred by the *Rooker-Feldman* doctrine.

Accordingly, the Court holds that Counts Six (unjust enrichment), Seven (intentional interference with prospective economic advantage), Nine (fraudulent conveyance), Ten (conversion), Eleven (imposition of a constructive trust), Twelve (quiet title), and Nineteen (injunctive relief) are inextricably intertwined with the Foreclosure Action and would require overturning the judgment made within, and therefore the substantive requirements of the *Rooker-Feldman* doctrine are met. As such, the above claims are dismissed for lack of subject matter jurisdiction.

While Defendants argue that all of Plaintiff's claims are barred under *Rooker-Feldman*, (ECF No. 30 ("Defs.' Br.") at 9), reading the Complaint in the light most favorable to Plaintiff, Plaintiff's allegations with respect to the remaining claims do not clearly appear to complain of injury caused by the Foreclosure Action.  These claims include the following: Counts One (breach of contract), Two (intentional misrepresentation), Three (negligent misrepresentation), Four (breach of the implied covenant of good faith and fair dealing), Five (promissory estoppel), Eight (negligent interference with prospective economic advantage), Thirteen (intentional infliction of emotional distress), Fourteen (negligent infliction of emotional distress), Fifteen (violation of the ECOA), Sixteen (violation of the FCRA), Seventeen (Violation of RESPA), and Eighteen (violation of the FDCPA). Because these claims do not clearly amount to an effective appeal of the State Court's decision in the Foreclosure Action, and they are not precluded under the *Rooker-Feldman* doctrine. *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 274 (S.D.N.Y. 2018) ("*Rooker-Feldman* applies to federal actions brought by state-court losers complaining of injuries caused by state-court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgements" (citing *Exxon Mobil Corp. v. Saudi Basic Indus Corp.,* 544 U.S. 280, 284 (2005) (internal quotations omitted)). However, for the reasons discussed below, these claims are also dismissed.

## II.   *Plaintiff's Claims are Time Barred*

The statute of limitations is an affirmative defense, and therefore the defendant has the burden of establishing prima facie proof that the limitations period has expired. *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995). Once the defendant has met its burden, it shifts to the plaintiff to establish that the limitations period should be tolled. *Id*. Because Plaintiff does not

oppose Defendants motion to dismiss, and therefore does not establish that the limitations period should be tolled, the Court will apply the appropriate statutes of limitations without tolling.

Defendant argues that Plaintiff's remaining claims for breach of contract (Count One), intentional misrepresentation (Count Two), negligent misrepresentation (Count Three), breach of the implied covenant of good faith and fair dealing (Count Four), promissory estoppel (Count Five), alleging negligent interference with prospective economic advantage (Count Eight), intentional infliction of emotional distress (Count Thirteen), negligent infliction of emotional distress (Count Fourteen), violation of the ECOA (Count Fifteen), violation of the FCRA (Count Sixteen), violation of RESPA (Count Seventeen), and violation of the FDCPA (Count Eighteen) claims are barred by the applicable statutes of limitations. (Def. Br. at 12-13.)

The Court notes that while Plaintiff alleges that the March 14, 2018 Mortgage Analysis purportedly show filing deficiencies, in purported violation of RESPA, ECOA, and FCRA (Compl. ¶ 15), there are no allegations that Plaintiff was unaware of the purported deficiencies prior to that date, or that such information was fraudulently concealed.   Similarly, Plaintiff makes no allegations that the March 14, 2018 Securitization Audit report purportedly showing substantive improprieties, including potential robo-signing, with respect to loan documents, FCRA (Compl. ¶ 16), revealed anything that it was previously unaware of before that date.  That being said, in construing the Complaint in the light most favorable to the Plaintiff, the Court will consider this date where applicable when evaluating statute of limitations.

The Court finds that the statute of limitations clearly bars several of Plaintiff's causes of action, as discussed below.

***Intentional infliction of emotional distress (Count Thirteen)***.  Under New York law, a one-year statute of limitations applies to Plaintiff's claim for intentional infliction of emotional

distress. *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 565 (E.D.N.Y. 2020) ("Under New York law, a one-year statute of limitations applies to ... common law tort[s], [including] . . . intentional infliction of emotional distress." (citing N.Y. C.P.L.R. § 215)).  It is unclear from the complaint when the statute of limitations for this claim started accruing – whether it began when the foreclosure sale commenced (October 1, 2013), when the State Court entered final judgment in the Foreclosure Action (December 7, 2016) (Blaine Decl., Exh. H.), or when the Mortgage Analysis or Securitization Audit report were dated (March 14, 2018).  Plaintiff's complaint was not filed until October 13, 2021. (ECF. No. 3.) Therefore, Plaintiff's claim for intentional infliction of emotional distress is time barred and dismissed accordingly, with prejudice.

*Negligent infliction of emotional distress (Count Fourteen)*. Under New York law, a three-year statute of limitations applies to Plaintiff's claim for negligent infliction of emotional distress. *AB ex rel. EF v. Rhinebeck Cent. Sch. Dist.*, 361 F. Supp. 2d 312, 317 (S.D.N.Y. 2005) ("A claim for negligent infliction of emotional distress is subject to a three-year statute of limitations") (citing N.Y. C.P.L.R. § 214). Construing Plaintiff's complaint in his favor, the latest the Court may reasonably infer such claim to have arisen was when the Mortgage Analysis or Securitization Audit report were dated (March 14, 2018). Plaintiff's complaint was not filed until October 13, 2021. (ECF. No. 3.) Therefore, Plaintiff's claim for negligent infliction of emotional distress is time barred and dismissed accordingly, with prejudice.

*FCRA (Count Sixteen)*.  An action under the FCRA may be brought "not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.  Here, Plaintiff alleges that purported FCRA violations were made evident on March 14, 2018, when the Mortgage Analysis is dated.  (Compl. ¶ 15.) Clearly,

taking that date as an anchor, Plaintiff's claim is time barred under the "2 years after the date of discovery" provision.

*RESPA (Count Seventeen).* No action under RESPA may be brought later than three years from the date of the violation. 12 U.S.C. § 2614. "Congress enacted RESPA 'to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.' Congress also provided that a purpose of RESPA was 'to effect certain changes in the settlement process for residential real estate that will result—... (2) in the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services....'" *Cedeno v. IndyMac Bancorp, Inc.*, No. 06-CV-6438 (JGK), 2008 WL 3992304 at *2 (S.D.N.Y. Aug. 26, 2008). No matter which date the Court uses as the occurrence of the violation for purposes of when the statute of limitations runs—be it the March 20, 2006 loan origination date, the December 27, 2011 MERS Assignment date (or the January 23, 2012 recording date thereof), the August 20, 2013 BANA Assignment date (or September 6, 2013 recording date thereof), the October 1, 2013 Foreclosure Action initiation date, or the March 14, 2018 Mortgage Analysis date—Plaintiff's complaint was not filed until October 13, 2021, over three years from the date of any purported violation or discovery thereof. Therefore, the statute of limitations on Plaintiff's RESPA claim has run and Plaintiff's RESPA claim is dismissed accordingly, with prejudice.

*FDCPA (Count Eighteen).* Lastly, no action under the FDCPA may be brought later than one year from the date of the violation. 15 U.S.C. § 1692k(d). "[T]he purpose of the FDCPA is "'to protect consumers from deceptive or harassing actions taken by debt collectors[,]' with the purpose of 'limiting the suffering and anguish often inflicted by independent debt collectors.' ""

14

*Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 550 (S.D.N.Y. 2013) (citations omitted.) Following the same reasoning as the RESPA claim above, the statute of limitations on Plaintiff's FDCPA claim is time barred and dismissed accordingly, with prejudice.

The claims that remain are: for breach of contract (Count One), intentional misrepresentation (Count Two), negligent misrepresentation (Count Three), breach of the implied covenant of good faith (Count Four), promissory estoppel (Count Five), negligent interference with prospective economic advantage (Count Eight), and violation of the ECOA (Count Fifteen). Under New York law, a six-year statute of limitations applies to Plaintiff's claim for breach of contract (Count One), intentional misrepresentation (Count Two), negligent misrepresentation (Count Three), breach of the implied covenant of good faith and fair dealing (Count Four), and promissory estoppel (Count Five). N.Y. C.P.L.R. § 213(2), (6), (8).[8]  In addition, under the ECOA, Regulation B (Count Fifteen), no action may be brought no later than five years from the date of the occurrence of the violation. 12 U.S.C. §1691e(f).  Lastly, the FCRA (Sixteenth Cause of Action) carries a five-year statute of limitations at the latest.  *See* 15 U.S.C. § 1681p.  Because the allegations in the Complaint make it unclear as to when the statute of limitations began to accrue for each of these claims, out of an abundance of caution, the Court will not consider statute of limitations arguments as to these claims. Nonetheless, for the reasons discussed in the next section, these claims are dismissed because they are inadequately pled.

### III.   *Plaintiff Fails to Plead the Remaining Claims*

Even if Plaintiff's claims for breach of contract (Count One), intentional misrepresentation (Count Two), negligent misrepresentation (Count Three), breach of the implied covenant of good faith and fair dealing (Count Four), promissory estoppel (Count Five), negligent interference with

---

[8]      As discussed below, New York does not recognize a claim for negligent interference with prospective economic advantage. *See, infra*.

prospective economic advantage (Count Eight), and violation of the ECOA (Count Fifteen) are not time barred, Plaintiff fails to substantially plead a cause of action. For the reasons discussed below, in turn, Plaintiff's remaining claims must be dismissed.

*Negligent interference with prospective economic advantage (Count Eight)*. From the outset, Count Eight of Plaintiff's complaint, alleging negligent interference with prospective economic advantage, is not a valid cause of action in New York State and accordingly is to be dismissed for failure to state a claim on which relief may be granted. *See Ojo v. United States*, No. 20-CV-4882 (MKB), 2022 WL 4091011at *14 (E.D.N.Y. Sept. 6, 2022) ("Plaintiff's claims of negligent interference with contract rights and negligent interference with prospective economic advantage are not causes of action under New York law"), *appeal dismissed* (Nov. 21, 2022); *Watson v. NY Doe 1*, 439 F. Supp. 3d 152 (S.D.N.Y. 2020) ("The motions to dismiss the claims for negligent interference with prospective economic advantage are granted with prejudice because in New York there is no cause of action for negligent interference with prospective economic advantage.") Therefore, Plaintiff's claim for negligent interference with prospective economic advantage is dismissed with prejudice.

*Breach of contract (Count One)*. As to Count One (breach of contract), "[t]he elements of a breach of contract claim under New York law are "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). Plaintiff brings breach of contract claims against both BANA and Countrywide. (Compl. ¶ 79-84.). The Court finds that Plaintiff fails to make any nonconclusory allegations regarding how any contract—presumably here the mortgage agreements—were breached by any of the Defendants.

*See Ebomwonyi v. Sea Shipping Line,* 473 F. Supp. 3d 338, 347 (S.D.N.Y. 2020), ("[a] complaint 'fails to sufficiently plead the existence of a contract' if it does not provide 'factual allegations regarding, inter alia, the formation of the contract, the date it took place, and the contract's major terms.' Conclusory allegations that a contract existed or that it was breached do not suffice"), *aff'd*, No. 20-3344, 2022 WL 274507 (2d Cir. Jan. 31, 2022) (quoting *Emerald Town Car of Pearl River, LLC v. Phila. Indem. Ins. Co.*, No. 16-CV-1099 (NSR), 2017 WL 1383773, at *7 (S.D.N.Y. Apr. 12, 2017)). Therefore, Plaintiff's claim for breach of contract is to be dismissed accordingly.

*Intentional misrepresentation (Count Two) and Negligent misrepresentation (Count Three)*. As to Counts Two (intentional misrepresentation) and Three (negligent misrepresentation), "[u]nder New York law, a claim for intentional or negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was materially incorrect; and (3) reasonable reliance on the misinformation to plaintiff's detriment. *Mar-Cone Appliance Parts Co. v. Mangan*, 879 F. Supp. 2d 344, 381 (W.D.N.Y. 2012) (*citing J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144 (N.Y. 2007)). "The elements of an intentional misrepresentation claim include "misrepresentation of a material fact, falsity, scienter, deception and injury." *Id*. (citing *Callahan v. Callahan*, 514 N.Y.S.2d 819, 821 (3d Dep't 1987)). Plaintiff fails to allege, beyond conclusory allegations, what information provided by Defendants was incorrect, or that there was reliance to Plaintiff's detriment. Nor do Plaintiffs allege what duty Defendants had towards Plaintiff that could make them liable under these claims. *See Sinclair Broadcasting Grp., Inc. v. Bank of Montreal*, No. 94 Civ. 4677 (LMM), 1995 WL 70577, at *7 (S.D.N.Y. Feb. 21, 1995) ("[C]ourts have consistently rejected the notion

that a lender owes a duty of care to a prospective borrower."). Therefore, Plaintiff's claims for intentional misrepresentation and negligent misrepresentation are dismissed accordingly.

**Breach of the implied covenant of good faith (Count Four)**. As to Count Four (breach of the implied covenant of good faith and fair dealing), Plaintiff's claim for breach of the covenant of good faith and fair dealing is duplicative of his claim for breach of contract against Defendants and is alternatively dismissed as such. *See ARI & Co. v. Regent Int'l Corp.,* 273 F. Supp. 2d 518 (S.D.N.Y. 2003) ("New York law … does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.) (citing *Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73, 81 (2d Cir. 2002)). Plaintiff makes no additional pleadings of fact unique to his breach of covenant claim, relying on the same facts as his breach of contract claim. (Compl. ¶¶ 79-84, 99-102.). Therefore, this claim must be dismissed.

**Promissory estoppel (Count Five).** As to Count Five (promissory estoppel), "It is an essential element of a claim for promissory estoppel that the plaintiff reasonably rely on a defendant's clear and definitive promise. *Uddoh v. United Healthcare*, 254 F. Supp. 3d 424, 431 (E.D.N.Y. 2017) (citing *Bocksel v. DG3 N. Am., Inc.*, No. 14-CV-6015, 2016 WL 873138, at *10 (E.D.N.Y. Feb. 12, 2016). Plaintiff fails to establish this element because they do not plead whatsoever what "clear and definitive promise" of either defendant he relied on. Therefore, Plaintiff's claim for promissory estoppel against Defendants is dismissed accordingly.

**Violation of the ECOA (Count Fifteen)**.  As to Count Fifteen (violation of the ECOA), "[t]o state an ECOA claim, a plaintiff must allege that (1) he was a member of a protected class, (2) he was qualified for the loan requested, (3) the lender declined the loan, and (4) the lender showed a preference for a non-protected individual." *Frederick v. Wells Fargo Home Mortg.,* No.

13-CV-7364 DLI LB, 2015 WL 1506394 at *5 (E.D.N.Y. Mar. 30, 2015) (citing *Powell v. Am. Gen. Fin., Inc.*, 310 F. Supp. 2d 481, 487 (N.D.N.Y. 2004)), *aff'd*, 649 F. App'x 29 (2d Cir. 2016). "Like ECOA, Regulation B aims 'to promote the availability of credit to all creditworthy applicants without regard to ... sex [or] marital status [and other factors] ... [and] prohibits creditor practices that discriminate on the basis of any of these factors.'" *RL BB Acquisition, LLC v. Bridgemill Commons Dev. Grp., LLC*, 754 F.3d 380, 383 (6th Cir. 2014) (citing 12 C.F.R. § 202.1(b), 12 C.F.R. § 1002.1(b)). Plaintiff fails to satisfy any of the requisite elements for a claim under ECOA Regulation B, much less that the negative treatment which he presumably received— the institution of the Foreclosure Action—was the result of Defendants' preference for a non-protected individual. Therefore, Plaintiff's claim against Defendants that they violated the ECOA is dismissed accordingly. [9]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim is GRANTED. Counts Six (unjust enrichment), Seven (intentional interference with prospective economic advantage), Eight (negligent interference with prospective economic advantage), Nine (fraudulent conveyance), Ten (conversion), Eleven (imposition of a constructive trust), Twelve (quiet title), Thirteen (intentional infliction of emotional distress), Fourteen (negligent infliction of emotional distress), Sixteen (FCRA), Seventeen (RESPA), Eighteen (FDCPA), and Nineteen (injunctive relief) are dismissed with

---

[9]     Defendants also argues that Plaintiff's entire action should be dismissed under *res judicata* and collateral estoppel, in light of the Foreclosure Action.  (Defs.' Br. at 10-12.) Because the Court dismisses the claims on other grounds, the Court will not consider these preclusion arguments.  That being said, Plaintiff's own pleading suggests that its claims herein may be precluded.  Plaintiff alleges that "[i]n 2018, Plaintiff filed four distinct bankruptcy proceedings in an attempt to stay foreclosure and have the Court intervene and address the improprieties of Defendants relative to the Property, as set forth herein." (Compl. ¶ 67.) While Defendants do not provide any arguments regarding whether any of these bankruptcy actions preclude the instant action, the Court notes that Plaintiff's own allegations suggest preclusion doctrines may apply.

prejudice.  The following claims are dismissed without prejudice: breach of contract (Count One), intentional misrepresentation (Count Two), negligent misrepresentation (Count Three), breach of the implied covenant of good faith and fair dealing (Count Four), promissory estoppel (Count Five), and violation of the ECOA (Count Fifteen).

Should Plaintiff wish to file an amended complaint as to claims not dismissed with prejudice herein, Plaintiff is directed to do so by April 26, 2023.  Defendants are directed to file an answer, pursuant to the Court's Individual Practice Rule 3(A)(ii), on or before May 26, 2023. If Plaintiff does not timely file an Amended Complaint, the claims in the Complaint will be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 29.


Dated:  March 27, 2023                                          SO ORDERED:
        White Plains, New York


                                          NELSON S. ROMÁN

                                          United States District Judge